In the United States District Court
Western District of Washington at Seattle

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Dontese White,<br><br>　　　　Defendant. | Case No. 2:25-cr-0202-JCC<br><br>Order Appointing Russell M. Aoki As The Coordinating Discovery Attorney |

　　Before the Court is the defense's unopposed motion to appoint Mr. Russell M. Aoki as the Coordinating Discovery Attorney.  Dkt. # 23.  For the reasons listed in the motion, the motion is Granted.

　　It is hereby Ordered that Russell M. Aoki is appointed as Coordinating Discovery Attorney for court-appointed defense counsel.

　　The Coordinating Defense Attorney shall oversee any discovery issues. His responsibilities will include:

　　Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information;

　　Assessing the amount and type of case data to determines what kinds of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

1

Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

Identifying, evaluating, and engaging third-party vendors and other litigation support services;

Assessing the needs of defense counsel and further identifying any additional vendor support that may be required – including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and

Providing training on the use of litigation support tools.

When executing these responsibilities, the Coordinating Discovery Attorney shall assess, with input from defense counsel, the most effective and cost-efficient manner of organizing the discovery.

The Coordinating Discovery Attorney's duties do not include providing representation services and, therefore, shall not establish an attorney-client relationship with the defendant. Discovery intended only for defendant White and not to be shared with the *Kuyateh* defense counsel shall be produced by the Government directly to defense counsel in this matter.

Any common discovery already produced by the Government before this Order shall be produced by the Government to the Coordinating Discovery Attorney within 14 days. Unless otherwise agreed or if time does not allow, any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to defense counsel, unless the Government elects to produce discovery directly to defense counsel with a simultaneous copy to the Coordinating Discovery Attorney. The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Coordinating Discovery Attorney shall petition this court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services, including confirming that the work previously agreed upon was performed. However, the Administrative Office of the U.S. Courts Defender Services Office will pay for his time and the time spent by his staff. All petitions for outside services shall include a basis for the requested funds and an assessment of whether the costs are reasonable and necessary.

The Coordinating Discovery Attorney shall also provide this court with monthly *ex parte* status reports depicting the status of the work, anticipated third-party services, and whether that work remains within the budget of any funds authorized by the Court, with a copy provided to defense counsel.

Dated this 15th day of December, 2025.

_____
John H. Chun
United States District Judge

3